UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS REESE,

                Petitioner,              Case Number 2:14-cv-13406
                                                            Honorable Gerald E. Rosen

RANDELL HAAS,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [dkt. 6], (2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING [dkt. 2], AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Thomas Reese, ("Petitioner"), a Michigan Department of Corrections prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his 2003 Wayne Circuit Court conviction of conspiracy to commit first-degree murder. MICH. COMP. LAWS § 750.157a. As a result of his conviction, Petitioner received a sentence of life imprisonment. The petition raises five claims: (1) insufficient evidence was presented at trial to support Petitioner's conviction, (2) members of the public were improperly excluded from the courtroom during trial, (3) defense counsel was ineffective for failing to object to the closure of the courtroom, (4) the trial court erroneously instructed the jury regarding the credibility of informant

testimony, and (5) Petitioner has obtained new evidence proving his innocence.

This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. Petitioner filed a motion for equitable tolling and a response to the motion asserting that he is entitled to review despite his untimely petition due to his illiteracy and because he is actually innocent. For the reasons set forth herein, the Court will grant the motion for summary judgment, deny the motion for equitable tolling, and dismiss the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court will also deny Petitioner a certificate of appealability and permission to appeal in forma pauperis.

## I. Background

Petitioner's conviction involves the December 16, 2003, shooting death of Derrick Golden in front of the Apex Bar in Detroit. The prosecutor's theory at trial was that Petitioner ran a drug operation and that his co-defendant, Calvin Ware, was his enforcer. The victim sold drugs for Petitioner. Stephanie Sanders testified at trial that she knew Petitioner and had previously dated him. On the night of the shooting, she saw Ware shoot and kill Golden at the direction of Petitioner. Another witness testified that Petitioner sold drugs and that Ware was his enforcer.

Following his conviction and sentence, Petitioner filed an appeal of right with

the Michigan Court of Appeals. On May 26, 2005, the Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's conviction. *People v. Reese*, No. 253400, 2005 WL 1249292 (Mich. Ct. App. May 26, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On January 30, 2006, the Michigan Supreme Court denied leave to appeal. *People v. Reese*, 708 N.W.2d 430 (Mich. 2006) (table).

On March 22, 2011, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on October 3, 2011. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On November 30, 2012, the Michigan Court of Appeals denied the application. *People v. Reeese*, No. 309437 (Mich. Ct. App. Nov. 30, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was denied on September 3, 2013. *People v. Reese*, 835 N.W.2d 580 (Mich. 2013) (table).

Petitioner signed and dated the present habeas petition on August 25, 2014, and it was filed in this Court on September 2, 2014.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations

period runs from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The parties do not dispute that the applicable starting point here is when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Supreme Court

denied Petitioner's application for leave to appeal on January 30, 2006. The time for filing a petition for a writ of certiorari in the United States Supreme Court expired ninety days later, on April 30, 2006. The limitations period began running the next day, and it expired one year later, years before the instant petition was filed.

Petitioner's state post-conviction review proceeding, which was pending in the state courts from March 22, 2011, until September 3, 2013, did not toll the limitations period under §2244(d)(2) because the period had already expired. The filing for state post-conviction review does not reset the limitation period. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

Petitioner does not dispute these calculations or that his petition was untimely filed. Rather, he asserts that he is entitled to equitable tolling. The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

First, Petitioner asserts that he is entitled to equitable tolling because he is illiterate and required the assistance of fellow prisoners to pursue appellate relief following his direct appeal. Petitioner's pro se status is "not sufficient to constitute an

extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). Petitioner's "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Ata v. Scutt*, 662 F.3d 736, 743 n. 7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). In fact, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Next, Petitioner asserts that he is entitled to equitable tolling because new evidence shows that he is actually innocent. Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, U.S. , 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); see also *House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence

-- whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting Schlup, 513 U.S. at 321).

In support of his claim of actual innocence, Petitioner points to an affidavit by Vera Johnson he filed in the state courts. The key prosecution witness, Stephanie Sanders, testified that Johnson also sold drugs for Petitioner, and that she was at the scene of the shooting. Johnson's affidavit asserts that she never worked for Petitioner, she was not present at the scene, and she never saw Petitioner or Ware with a gun. This affidavit does not establish Petitioner's actual innocence under the standard set forth in *McQuiggin* and *Souter*. At most, the affidavit adds an avenue of attack on Sander's credibility. Yet a reasonable juror might question the credibility of witnesses known by and associated with Petitioner who waited years to come forward. See, e.g., *McCray v. Vasbinder*, 499 F.3d 568 (6th Cir. 2007). That is, taken as a whole, Petitioner's claim of actual innocence does not establish that "it is more likely than not that no reasonable juror would have convicted him." *Bousley, supra.* Accordingly, neither of Petitioner's attempts at establishing equitable tolling succeed.

Respondent's motion for summary judgment will therefore be granted, and

Petitioner's motion for equitable tolling will be denied.

### III.  Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason would not find the Court's procedural ruling debatable. The Court also will also deny Petitioner permission to appeal in forma pauperis because any appeal would be frivolous.

### IV. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated: April 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2015, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135